# Hope, Administrator et al., *versus* Marshall, Administrator.

Where the debts of a decedent are not secured by mortgage or judgment in the lifetime of the debtor they continue a lien on his lands in the hands of his widow and heirs only for ten years, unless an action therefor has been commenced against them.

November 20th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

Error to the Court of Common Pleas of *Fayette county:* Of October and November Term 1880, No. 279.

Scire facias by Joseph R. Marshall, administrator of Robert F. Fuller, deceased, against William H. Hope, administrator of E. G. Roddy, deceased; Lydia J. Roddy, widow of said E. G. Roddy, and Mary E., Ewing B., Josephine S., Lydia G. and Martha G. Roddy, children of E. G. Roddy, deceased.

Edward G. Roddy died on the 12th of June 1867, leaving surviving him the defendants, widow and children, and indebted to Robert F. Fuller, in about the sum of $500. Letters of administration were granted on his estate on the 15th of June 1867.

[Hope *v.* Marshall.]

Fuller brought suit on his claim on the 25th of January 1871. On the 15th of May 1871, an award of arbitrators was filed, finding for the plaintiff $503.32. From this an appeal was taken. January 30th 1873, the cause was tried by a jury, and a verdict rendered for the sum of $704.36, which, on a motion for a new trial, was reduced to $573.50, and on April 4th 1873, a judgment was entered on the verdict. On the 26th of December 1877, a scire facias issued to bring in the widow and heirs, which was tried on the 9th of March 1880, and a special verdict was rendered as follows : " Now, March 9th 1880, the jury find for the plaintiff the sum of $818.19, and the jury find specially that E. G. Roddy, defendant's intestate, died on the 12th of June 1867 ; that an award of arbitrators in the original case was filed May 15th 1871 ; that judgment was entered on the verdict April 4th 1873, and the sci. fa. in present case was issued on December 26th 1877. , If the court shall be of opinion that the debt and judgment in this case is no lien as against the interest of the widow and heirs of E. G. Roddy, deceased, in the real estate of the decedent, because more than ten years had elapsed from the death of said E. G. Roddy before the scire facias to bring in the widow and heirs was issued, then the court to enter judgment in favor of the widow and heirs named as defendants, so that the finding will be against the administrator alone, and not against the widow and heirs, notwithstanding the verdict."

On this verdict the court, Willson, P. J., subsequently directed judgment to be entered against all the defendants, and filed the following opinion and order :

" Under the facts found by the jury, we are of the opinion that the sci. fa. in this case was issued in time to continue the lien of the plaintiff's debt on the real estate of the deceased debtor as against the widow and the heirs. The question reserved in the verdict is not altogether free from difficulty in view of the apparently different opinions expressed in a number of cases arising under the Acts of 1797 and 1834, relating to the lien of decedent's debts. But a careful examination of these cases will show, we think, that the difference in the views expressed are rather apparent than real. While in a number of cases it is explicitly declared that the widow and heirs must be brought into court within ten years from the death of the debtor in order to continue the creditors' lien against the real estate of the deceased debtor, still, we understand those cases to refer to the lien of debts for which suits have been commenced and judgments obtained within five years after the death of the debtor. But we are not aware of any case like the present in which it has been decided that where the suit is commenced within five years, but judgment not obtained until after the expiration of that period, the lien of said judgment was to be counted from the expiration of the period of five years after the

[Hope *v.* Marshall.]

death of the debtor instead of from the date of its entry, as is done
in cases of judgment *inter vivos*. On the contrary, in several cases,
it has been held that the lien of the judgment would begin to run
from the date of its entry, although in none of these cases does it
appear that the question now before the court was involved in the
decision rendered, and, therefore, we must regard what was said in
reference to it, rather as the views of the judge who delivered the
opinion, than as a decision of the Supreme Court. In Duncan *v.*
Clark, 7 Watts 217, Justice KENNEDY, in speaking of the Act of
1797, says : ' This lien will continue seven years without suit or
judgment from the death of the debtor; and if judgment be had
for it, at any time within that period, then the lien, by means
thereof, will be extended five years beyond the seven years;
making twelve in the whole; but, in order to continue the lien
beyond this period it is requisite that a scire facias should be sued
out for this purpose before the expiration thereof, otherwise the lien
of the debt upon the real estate will cease at the end of the twelve
years from the death of the debtor. When, however, the suit is
commenced within the seven years, but judgment cannot be had in
it until afterwards, the pending of the suit would seem to be sufficient
to keep the lien alive ; and the first term of five years would not com-
mence until the rendition of the judgment ; so that a revival of the
judgment within five years after its date, would preserve and continue
the original lien of the debt for another period of five years.' So,
in Bredin *v.* Agnew, 8 Barr 233, it is said by Judge BELL, that,
' under the equitable application of a rule borrowed from the Act
of 1798, a scire facias must be sued out within five years from the
expiration of the statutory period, or, when this is overrun before
judgment recovered within five years from its rendition.' In Ben-
ner *v.* Phillips, 9 W. & S. 13, Judge ROGERS says : ' As has been
already decided, commencing suit against the administrator without
naming the heirs, and obtaining judgment, does not release the lien.
It is competent for the creditor, notwithstanding, afterwards to pro-
ceed against the heirs ; and when this is done within five years from
the rendition of judgment against the administrator, we think, in
analogy to the twenty-fourth section of the Act of 1834, the lien
remains.' See also, Moore *v.* Skelton, 2 Harris 359.

" We have been referred by counsel for the widow and heirs to
McMurray's Admr's *v.* Hopper, 7 Wright 468 ; Soles *v.* Hickman,
5 Casey 342, and Corrigan's Estate, 1 Norris 495, as authorities,
showing that the widow and heirs must be brought into court
within ten years after the debtor's death, or otherwise they will
take the lands unencumbered by debts not of record. It is true,
that expressions may be found in these cases rather sustaining the
position taken by defendant's counsel, but in none of them was the
question now before us involved and passed upon. In McMurray's
Admr's *v.* Hopper, *supra*, a restricted judgment had been obtained

[Hope *v.* Marshall.]

against the debtor in his lifetime, and the question decided by the Supreme Court was in reference to the effect of a revival of that judgment against the administrator alone, on land of the decedent, not bound by the original judgment. In Soles *v.* Hickman, *supra*, the question was whether the alienee of a devisee was entitled to notice before his land could be held liable for the decedent's debt. And in Corrigan's Estate, *supra*, suit was commenced and a judgment obtained within five years after the expiration of that period, a scire facias was issued to bring in the widow and heirs, but before judgment was obtained upon the scire facias the decedent's lands were sold by order of the Orphans' Court, and it was held by the Supreme Court, that the judgment-creditor was entitled to have his judgment paid out of the proceeds of that sale.

"We have also examined the case of Maus *v.* Hummel et al., 1 Jones 228, and the cases therein referred to by counsel, and also some cited in the opinion of the court. In speaking of the Act of 1797, Judge COULTER says : 'The construction given to the words 'duly prosecuted,' is, that no matter at what-time within the seven years the suit was brought, it continued the lien for five years after the termination of the seven, although judgment was not obtained within the seven. The lien, therefore, of the debt in this case extended twelve years from the time of Jackson's death, and no longer; and the land in dispute, not having been brought into execution, within that period, was beyond its power, and the estate had vested in the heir absolutely at the expiration of the twelve years.' It seems difficult to reconcile the language of Judge COULTER with the opinions expressed in Duncan *v.* Clark, *supra*, and the other cases to which we have before referred, and also with Paine *v.* Craft, 7 W. & S. 458, where the death took place in 1813, and the sale of the real estate in 1833.

"On the whole we are of the opinion under the facts ascertained by the jury, that the scire facias to bring in the widow and heirs, was sued out in time to continue the lien of plaintiff's debt against the decedent's real estate, and that, therefore, the plaintiff is entitled to have judgment entered on the verdict against all of the defendants.

"In the view that we have taken of the law governing cases like the present, we are sustained by Price on Liens and Limitations 272, and by Scott on Intestate Law 194.

"The question involved is presented in a very plain shape for review, and we think it is very important that all doubts in regard to it should be removed by obtaining thereon a decision of the Supreme Court.

"And now, August 31st 1880, plaintiff's motion for judgment granted, and it is ordered and directed that judgment on the verdict be entered against all the defendants on payment of jury fee."

[Hope v. Marshall.]

The defendants took this writ and alleged that the court erred in directing judgment to be entered against the widow and heirs.

*D. Kaine*, for plaintiffs in error.—Although there would seem to be some conflict in the numerous decisions under the Act of February 24th 1834, Purd. Dig. 422, pl. 88, and its predecessor, the Act of April 4th 1797, 3 Sm. Laws 297, yet we think they agree, under a careful reading, that the lien of the debts of a decedent is gone as to his widow and heirs unless suit be brought against them within ten years from the time of his death. The later cases run in the same line, only that in cases where the death has taken place since the Act of 1834 went into effect—the first period is five years instead of seven, and the entire period ten instead of twelve years, and the widow and heirs or devisees must be made parties : Maus v. Hummel, 1 Jones 228 ; Corrigan's Estate, 1 Norris 495 ; Swartz's Estate, 2 Harris 42 ; Kittera's Estate, 5 Id. 416 ; Sanders v. Wagonseller, 7 Id. 248.

*E. Campbell*, for defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, January 3d 1881.

This contention is as to the length of time after the decease of a debtor his debts shall continue a lien on his lands in the hands of his widow and heirs, without an action therefor having been commenced against them, when the debts were not secured by mortgage or judgment in the lifetime of the debtor.

Under the Act of 4th April 1797 they continued a lien for seven years after the decease of the debtor, although no action was commenced therefor nor any copy of the claim filed in the office of the prothonotary of the county where the land was situated. If within the seven years judgment was obtained or suit commenced, and duly prosecuted to judgment, the lien by virtue thereof was extended five years beyond the seven, making twelve years in all from the death of the decedent, without any notice to the widow and heirs : Duncan v. Clark, 7 Watts 217. It mattered not at what period in the seven years the judgment was obtained that time continued to run for the full seven years. At its expiration the lien, by virtue of the judgment, went into effect, and so continued for five years. The longest period of time that the lien could continue after the death of the decedent, without proceedings against the widow and heirs was twelve years : Steel v. Henry, 9 Watts 523 ; Payne v. Craft, 7 W. & S. 458. The only change made by the Act of 24th February 1834, Purd. Dig. 422, is to reduce the first period of seven years to five years, thus making the whole period ten years when it was twelve before : Corrigan's Estate, 1 Norris 495. This special verdict finds that Edward G. Roddy

[Hope *v.* Marshall.]

died on the 12th of June 1867; an award was obtained against his administrators on the 15th May 1871. On an appeal therefrom judgment on the verdict was entered the 4th April 1873. The scire facias thereon against the administrators, widow and heirs, which gives rise to the present contention, issued on the 26th December 1877. This was the first proceeding instituted against the widow and heirs with a view of charging a lien on the lands which they had acquired from the decedent. It issued more than ten years after the death of the·decedent debtor, and the lien of the debt as against their lands was barred· by the lapse of time. The learned judge therefore erred in entering judgment against all the plaintiffs in error. It should have been entered against Hope, the administrator, only ; therefore

> Judgment reversed as to the widow and heirs of Edward G. Roddy, deceased, and affirmed as to William H. Hope, administrator of said decedent.