IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1888.

E. ALLEN ET AL. v. S. A. W. KRIPS, ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILA-
DELPHIA COUNTY.

Argued January 13, 1888—Decided February 20, 1888.

1. In proceedings to charge the real estate of a decedent in the hands of his widow and heirs, under § 34, act of February 24, 1834, P. L. 80, the proceedings must be instituted against them within ten years after the death of the debtor: Hope v. Marshall, 96 Pa. 395, followed.
2. It is not error, upon rule granted on motion unsupported by affidavit, to strike off a judgment appearing upon the face of the record to have been unlawfully and improvidently entered.

Before PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; GORDON, C. J., and TRUNKEY, J., absent.

No. 103 July Term 1887, Sup. Ct.; No. 2258 December Term 1872, O. D. C., now C. P. No. 1.

On January 28, 1873, a summons in case was issued by Elwood Allen and Franklin Knight, trading as Allen & Knight, to use of Ernst Sopp v. Sarah A. W. Krips, administratrix of Henry Krips, deceased. The writ which was returnable to the first Monday of February, 1873, was returned nihil habet.
An alias summons was issued on July 23, 1877, returnable

to the first Monday of August following, which writ was returned, served. The cause was put at issue in 1878–9, and on May 1, 1879, a jury being called there was a verdict for the plaintiffs for $4,312.29. On March 23, 1886, the jury fee was paid and judgment entered on the verdict.

On March 29, 1886, the plaintiffs issued a writ of scire facias directed to Sarah A. W. Krips, Michael Barrett and Annie Barrett, his wife, formerly Annie Krips, and Harry Krips, widow and heirs of Henry Krips, deceased, commanding them to show cause, etc., why the said judgment should not be levied and paid out of the real estate of which the said Harry Krips died seized. The writ being duly served, on April 26, 1886, there was judgment against the defendants for want of appearance and the sum due liquidated at $6,123.45, which judgment on May 26, 1886 was marked to the use of J. W. Supplee.

The next step in the cause was the following order:

And now, April 9, 1887, on motion of Z. K. Loucks, Jr., and George Junkin, attorneys, for Sarah A. W. Krips, widow, Michael Barrett and Annie, his wife, in right of the said Annie, and Harry Krips, children and heirs at law of Henry Krips, deceased, the court grant a rule to show cause why the judgment entered against them on April 26, 1886, should not be stricken off. Returnable next Saturday at 10 o'clock A. M.

On April 30, 1887, the court in banc, ALLISON, P. J., without opinion filed, made the said rule absolute (see 19 W. N. 511), to which order the plaintiffs on May 17, 1887, excepted, and then took this writ specifying that the court erred:

1. In granting the rule of April 9, 1887, on motion unsupported by affidavit.

2. In making the order of April 30, 1887, directing that the said rule be made absolute.

*Mr. Wm. A. Husband* (with him *Mr. A. J. Phillips*), for the plaintiffs in error:

1. It is not claimed by the defendants that the judgment was prematurely entered, or that there had been a defective service, or that they had never had notice; nor do they set up anything indicating any irregularity in the entry of the judgment, but simply of their motion unsupported by affidavit ask

the court to strike it off. The opportunity to inquire as to the validity of the lien of the original judgment was presented upon the service of the scire facias and the defendants saw proper to waive it. Their right to plead the advantage of a statute of limitation was a personal privilege, and their neglect or refusal to avail of its protection vested others with rights which should not be stricken down at the caprice of the plaintiffs : Heath v. Page, 48 Pa. 142. Moreover, no court has power to strike off a judgment regular on its face : Breden v. Gilliland, 67 Pa. 37.

2. It cannot be properly claimed that a judgment is irregularly entered, simply because, as it is maintained in this case, the plaintiffs were not under the law entitled to it ; otherwise, in an action upon a note, where the statute had run and the defendant had neglected or refused to plead it, a judgment regularly entered might be stricken off or opened ; and it has always been held that to have advantage of the statute it is to be pleaded : Heath v. Page, supra. The only defence to a scire facias to revive a judgment is a denial of its existence or proof of its discharge : Campbell's App., 118 Pa. 128.

*Mr. George Junkin* (with him *Mr. Z. K. Loucks, Jr.*), for the defendants in error :

The question arises under §§ 24 and 34, act of February 24, 1834, P. L. 77, 80. These two sections should be construed with reference to the policy of our law to limit the lien of a decedent's debts to the period of five years. Section 24 is a statute of limitation as to all debts of the decedent not in judgment or mortgage, and with respect to debts due, the five years are to be counted from the death of the decedent. To come within the meaning of the words, commenced and duly prosecuted, the plaintiff must have employed with due diligence every legal means to reduce his claim to judgment, before the expiration of ten years from the death of the decedent. Henry Krips died before January 28, 1873 ; judgment was not entered against his administratrix until March 23, 1886, over thirteen years afterward : McMurray v. Hopper, 43 Pa. 472; Duncan v. Clark, 7 W. 224; Maws v. Hummel, 11 Pa. 228; Kerper v. Hoch, 1 W. 9; Loomis's App., 29 Pa. 237 ; Corrigan's Est., 82 Pa. 495 ; Hope v. Marshall, 96 Pa. 395 ; Phil-

lips v. Railroad Co., 107 Pa. 480; Sample v. Barr, 25 Pa. 457; Riland v. Eckert, 23 Pa. 215.

2. The rule to strike off, or as it is sometimes expressed, to set aside or vacate a judgment, is essentially a common law proceeding; a short and summary substitute for an audita querela, a writ of error coram nobis, or a certiorari, or writ of error from a superior court, by which the same relief was formerly administered. Being for irregularity apparent on the face of the record, it is in the nature of a demurrer to the record and is not confined to any particular kind of judgment, nor limited as to the time it may be taken advantage of, nor affected by matters dehors the record, except so far as the defendant may have put himself in position to be estopped from making objection: Mitchell, Motions and Rules, 76, and cases cited. There have been many approvals of the exercise of this power: Dorrance v. Scott, 3 Wh. 314; Knox v. Flack, 22 Pa. 337; Commonwealth v. Hoffman, 74 Pa. 105; O'Hara v. Baum, 82 Pa. 416; Banning v. Taylor, 24 Pa. 289; Drexel's App., 6 Pa. 272; Hutchinson v. Ledlie, 36 Pa. 112; Kellogg v. Krauser, 14 S. & R. 137; Breden v. Gilliland, 67 Pa. 37. The judgment in this case was wholly irregular and unwarranted in law, and an affidavit of merits was unnecessary: 1 Bald. 462.

OPINION, MR. JUSTICE PAXSON.

The only error assigned to this record is the order of the court below striking off the judgment entered on April 26, 1886, for want of an appearance. The said judgment was entered against the widow and heirs of Henry Krips, deceased, upon a scire facias to show cause why a certain judgment recovered against the administratrix of said Henry Krips should not be levied and paid out of the real estate, of which the said Henry Krips died seized.

The record shows that the scire facias to bring in the widow and heirs was issued over thirteen years after the death of the decedent. As the law now stands in this state, in proceedings to charge the real estate of a decedent in the hands of his widow and heirs, the latter must be proceeded against within ten years from the death of such decedent. I will not discuss so plain a proposition, and will refer only to the single case of

Hope v. Marshall, 96 Pa. 395, where it was said by our late brother MERCUR: "This was the first proceeding instituted against the widow and heirs with a view of charging a lien on the lands which they had acquired from the decedent. It issued more than ten years after the death of the decedent debtor, and the lien of the debt as against their lands was barred by the lapse of time. The learned judge therefore erred in entering judgment against all the plaintiffs in error. It should have been entered against Hope, the administrator, only."

It was urged, however, that the judgment was regularly entered, and that it was error to strike it off upon a rule unsupported by an affidavit. It is difficult to see of what possible use an affidavit would have been. All the essential facts appeared of record. The judgment was of course a judgment de terris, and the record showed that the plaintiffs had no right to it. It was unlawfully and improvidently entered, and we see no error in striking it off. This may always be done where it appears upon the face of the record that a judgment ought not to have been entered. Thus, a judgment entered for want of an affidavit of defence will be stricken off where it appears that the instrument filed was such as not to require an affidavit: Post v. Wallace, 110 Pa. 121; Commonwealth v. Hoffman, 74 Pa. 105. So where the record shows that the judgment was confessed by a feme covert: Dorrance v. Scott, 3 Wh. 309; or by an infant: Knox v. Flack, 22 Pa. 337. The books are full of similar cases which might be cited were it essential. We need not pursue the subject further.

Judgment affirmed.