# E. ALLEN ET AL. v. S. A. W. KRIPS ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADEL-
PHIA COUNTY.

Argued April 1, 1889—Decided April 15, 1889.

In proceedings to charge the real estate of a decedent in the hands of his widow and heirs, the latter must be proceeded against within ten years from the death of such decedent, and if it appear of record that they were not proceeded against within that time, any judgment de terris that may have been improvidently entered against them will be stricken off: Allen v. Krips, 119 Pa. 1, and Hope v. Marshall, 96 Pa. 395, followed.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 145 January Term 1889, Sup. Ct.; court below, No. 2257 December Term 1872, Old District Court (C. P. No. 1).

A summons in case was issued on January 28, 1873, by Elwood Allen, F. C. Gillingham and Franklin Knight, trading as Allen, Gillingham & Co., to the use of Ernest Sopp, against Sarah A. W. Krips, administratrix of Henry Krips. The writ, returnable to the first Monday of February, 1873, was returned nihil habet.

An alias summons was issued on July 23, 1877, returnable to the first Monday of August following, which writ was returned, served. The case was put at issue in 1878-9, and on May 1, 1879, a jury being called, there was a verdict for the plaintiffs for $1,035.73. On March 23, 1886, the jury fee was paid and judgment entered on the verdict.

On March 29, 1886, the plaintiffs issued a writ of scire facias directed to Sarah A. W. Krips, widow of Henry Krips, and Michael Barrett and Annie Barrett, his wife, formerly Annie Krips, and Henry Krips, heirs at law of Henry Krips, deceased, to show cause why the said judgment should not be paid out of the real estate of which the said Henry Krips died seised. The writ was duly returned by the sheriff, "Made known."

On April 26, 1886, judgment was entered against the defendants for want of an appearance and the sum due liquidated at $1,470.73.

On April 9, 1887, a rule was granted to show cause why the judgment entered against Sarah A. W. Krips, widow, and Michael Barrett and Annie, his wife, in right of said Annie, and Henry Krips, heirs at law of Henry Krips, deceased, should not be stricken off.

On April 30, 1887, the court, Allison, P. J., made the said rule absolute. The plaintiff thereupon took this writ specifying that the court erred:

1. In making absolute the rule to strike off the judgment entered April 26, 1886.

2. In striking off the said judgment against the widow and heirs for want of an appearance, said judgment being regular upon its face, and there being nothing upon the record to authorize the court below to strike off said judgment.

*Mr. F. Carroll Brewster*, for the plaintiffs in error.

*Mr. George Junkin* (with him *Mr. Z. K. Loucks, Jr.*), for the defendants in error.

Per Curiam:

It appears by the record in this case that the original action was brought against Sarah A. W. Krips, administratrix of Henry Krips, deceased, in January, 1872, but judgment was not obtained until March, 1886, more than thirteen years after the decease of the defendant's intestate. A scire facias was then issued on the judgment to bring in the widow and heirs, and afterwards judgment de terris against them was entered in default of appearance. In April, 1887, the judgment was stricken off on the ground that it was improvidently entered. That action of the court has been assigned as error.

The question thus presented has been settled adversely to plaintiffs in error by a long line of cases, among the more recent of which are Allen v. Krips, 119 Pa. 1; Hope v. Marshall, 96 Pa. 395. The principle, firmly settled by these and several other cases is, that in proceedings to charge the real estate of a decedent in the hands of his widow and heirs,

the latter must be proceeded against within ten years from the death of such decedent; and, if it appears of record that they were not proceeded against within that time, any judgment de terris that may have been improvidently entered against them may be stricken off.

Judgment affirmed.

