### J. G. Miller, to the use of J. Frank Hart and John R. Lee, Appellant, *v.* Pelagia Neidzielska.

*Judgment—Striking off—Practice, C. P.*

To justify the court in striking a judgment from its records, it should appear that its entry was unauthorized, and that the plaintiff had no right to place it on record as a lien or an adjudication against the defendant.

In an amicable action and confession of judgment in ejectment, the defendant presented a petition setting forth that the confession of judgment was only a part of the entire agreement between the parties, and that it had been detached from the rest of the agreement; that upon the whole agreement being produced it would appear that the confession of judgment was only as collateral security for the payment of purchase money; that judgment was to be entered thereon only on the filing of an affidavit of the plaintiff of default of payment. The rule of court provided that the averments of a petition undenied should be assumed to be true. It was *held*, (1) that the petition to strike off the judgment not having been denied should be regarded as a part of the record; (2) that the petition disclosed that under the entire contract the plaintiff was not entitled to judgment; (3) that judgment should be stricken off.

Argued April 15, 1896. Appeal, No. 318, Jan. T., 1896, by plaintiffs, from judgment of C. P. Luzerne Co., No. 1453, Oct. T., 1895, striking off judgment entered against Pelagia Neidzielska, the defendant. Before Sterrett, C. J., Green, Mitchell, Williams and McCollum, JJ. Affirmed.

Rule to show cause why the judgment entered should not be stricken from the record. Before Lynch, J.

The facts sufficiently appear in the opinion of the Supreme Court.

*Error assigned* was making absolute the rule to show cause why the judgment in the case should not be stricken from the record as void.

*Edmund G. Butler,* for appellant.—No relief will be granted in equity in cases of forfeiture for breach of covenant unless upon ground of fraud, accident, surprise or mistake: Townsend v. Stetler, 5 Kulp, 11; 2 Story Eq. Jur. sec. 1323; Eaton v. Lynn, 3 Vesey, 690; Hill v. Barclay, 18 Vesey, 63; Shaw v. Turnpike Co., 2 P. & W. 454; Gulden v. O'Brien, 7 Phila. 93; Axford v. Thomas, 160 Pa. 8.

In the confession occurs the following: the party of the second part (defendant) hereby releases all errors and waives all appeal, exceptions or objections to any proceedings under said amicable ejectment taken upon failure to pay any installment as aforesaid.

The court has no power to strike off or vacate a judgment regular on its face: King v. Brooks, 72 Pa. 363; Horner & McCann v. Hower, 39 Pa. 126; Horner & McCann v. Hower, 49 Pa. 477; Reynolds v. Barnes, 76 Pa. 427; McCutcheon v. Allen, 96 Pa. 319; Breden v. Gilliland, 67 Pa. 34; Calhoun v. Logan, 22 Pa. 46; Massey v. Clarke, 3 Penny. 401; Whitney v. Chandler, 2 Leg. Rec. 270.

Affidavits and depositions are no part of the record: France v. Ruddiman, 126 Pa. 257; Rand v. King, 134 Pa. 641; Alexander v. Commonwealth, 105 Pa. 1. A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open is an appeal to the equitable power of the court to let the defendant into a defense; O'Hara v. Baum, 82 Pa. 416; Adams v. Grey, 154 Pa. 258; Makin v. Werrill, 1 Del. 339.

*E. F. M'Govern,* for appellee.—The record consists of the pleadings filed in the cause. The petition and answer filed in this case constitute a part of the pleadings. It was for irregularities thus appearing upon the record that the court struck off the judgment: 20 Am. & Eng. Ency. of Law, 476; Clark v. Depew, 25 Pa. 509; Meyer v. Verner, 10 W. N. 138.

The detachment of the confession of judgment from the rest of the agreement was an alteration of it and made the judgment

void: Heffner v. Wenrich, 32 Pa. 423; Miller v. Gilliland, 19 Pa. 119; Craighead v. McLoney, 99 Pa. 211; Neff v. Horner, 63 Pa. 327; Fulmer v. Seitz, 18 P. F. S. 237. The law also requires everything necessary to be done in order to complete a forfeiture to be done according to the letter of the contract. Haldeman v. Sampter, 6 Law Times (N. S.), 139.

The judgment was improperly upon the record and the court was therefore warranted, for the irregularities thus appearing, to strike off the judgment: Gulden v. O'Byrne, 7 Phila. 93; Ewart v. Irwin, 1 Phila. 78; Elliot v. Curry, 1 Phila. 281; Merrill v. Trimmer, 2 C. C. 49.

OPINION BY MR. JUSTICE WILLIAMS, July 15, 1896:

We fully agree with much that is said by the appellants in regard to the necessity for the exercise of care in striking judgments. from the record. The cases in which the exercise of such a power is proper are few. When a judgment has been regularly entered upon the records, it may be opened for cause shown, an issue may be directed to determine the right of the plaintiff to have execution upon it, or he may be restrained from proceeding to enforce it, as the facts may require. But to justify the court in striking a judgment from its records, it should appear that its entry was unauthorized and that the plaintiff had no right to place it on record as a lien or an adjudication against the defendant. An examination of the records now before us leads us .to the conclusion that this is a proper case for the application of the principle enunciated by Portia' in a celebrated case reported by Shakespeare in the Merchant of Venice. The plaintiff was permitted in that case to secure the pound of flesh, "nominated in the bond," if he could do so without taking a drop of blood. Blood had not been stipulated for in the covenant on which the plaintiff sued. This limitation did not deny the right, but it affected the remedy. This case presents a somewhat similar question. The defendant purchased from J. H. Miller a building lot in Wilkes-Barre township, Luzerne county, by an agreement in writing dated on the 28th of May, 1893, for $250. Of this price, $50.00 was paid in hand, and the remaining $200 was to be paid at the rate of $50.00 per annum together with interest on the whole sum unpaid, on the 28th day of May in each year until paid. After

the purchase, the defendant proceeded to erect a double dwelling on the lot at a cost of $1,200. When the first installment fell due, it was not paid on the day fixed, but it was paid a few weeks later with interest; and accepted without objection by the vendor. When the next installment came due, the defendant was out of the state and it was not paid on the day named in the agreement. In the agreement signed by her, she had undertaken to execute an amicable action of ejectment and confess judgment therein in favor of the vendor for the lot; but it was stipulated that this was for the purpose of furnishing an additional security for performance on her part, and the manner of its use was clearly provided for. It was to be used only on and after a default of payment " of which the affidavit of the said first party, his heirs, etc., filed with such amicable action of ejectment shall be sufficient evidence," and in order to avoid delay, it was further agreed that " on the filing of said amicable action accompanied by the affidavit aforesaid," a writ of habere facias should at once issue. The fair construction of these stipulations is that the amicable action and confession and the affidavit must be filed at the same time, and that the right of the plaintiffs to a judgment depends upon the proof of the default, without which no judgment can be entered. The present plaintiffs purchased the legal title of Miller after the second installment fell due, separated the amicable action and confession of judgment from the contract of which it was part, and which furnished both the authority and the method for its use, and without any affidavit or suggestion of default entered judgment thereon, issued a writ of habere facias possessionem, turned out the defendant's tenants, took possession of the house, and have continued in possession ever since. When the defendant returned soon after and learned what had been done, she proceeded to make a tender to the plaintiffs of the money due on the contract with interest and costs, and then applied to the court of common pleas for relief upon an affidavit setting forth all the facts. In this affidavit, she stated the relation of the contract and its provisions to the amicable action and confession, charged that the latter had been fraudulently separated from the contract so that neither its consideration nor the manner of its use should appear on the record, and that no affidavit or other method for ascertaining the existence of a default or

its extent, had been made use of before or contemporaneously with the entry of the judgment and that strict performance of the contract had been waived by her vendor.

An answer was filed but it did not deny that the contract and the amicable action were originally one instrument, nor that the plaintiff had separated them, using the amicable action by itself, and without the affidavit which the contract made necessary. The plaintiffs admit in effect that they are in possession of the contract from which the amicable action was taken but they make no denial that its contents are as the defendant alleges, or that it and the amicable action belong together and constitute together the "additional security" that was in the contemplation of vendor and vendee. The case was presented to the learned judge of the court below on petition and answer. The rules of his court provided that averments in a petition not specifically denied in the answer should be treated as admitted. Under the operation of this rule, the really important averments of the petition were admitted and the facts before him for his judgment were substantially as follows:

1. A judgment had been entered upon the records upon an instrument that was but part of the agreement between the parties, while the other and suppressed part of the agreement was that which prescribed the manner in which the holder should proceed to obtain a judgment.

2. The judgment so obtained had been entered without any authority whatever if regard be had to the contract as a whole, since the contract authorized the use of the amicable action only in case of a default and prescribed the manner in which the default should be shown.

3. The petition placed the contract before the court as fully as though it had been filed with the amicable action, and raised the question of the plaintiffs' right to a judgment under the provisions of the contract as a whole.

Having these facts and the suppressed terms of the contract before him, the learned judge held that the judgment had been improperly entered and should be stricken from the records. He did not deny the legal right of the plaintiffs to seize the defendant's house and lot and appropriate to their own use the $1,300 she had invested, without making any compensation to her therefor, provided they kept within the letter of the bond;

but he held them to a literal compliance with its terms. So odious a forfeiture, asserted in so odious a manner, should be clearly authorized by the contract, and the terms of the contract should be strictly followed in asserting it, or the pound of flesh may not be enjoyed by the exacting creditor.

The order appealed from is affirmed. The costs of this appeal to be paid by the appellants. It is needless to add that the defendant is entitled to prompt restitution of the possession and of all rents received by the plaintiffs, and the court below will make all necessary orders for this purpose.