## Hildebrand v. Dougherty.

*Landlord and tenant—Payment of rent—Place of payment—Forfeiture.*
1. Where no place for payment of rent is specified in a written lease, the lessor must demand payment on the leased premises as a prerequisite to entering judgment under a forfeiture clause.

*Judgments—Unauthorized entry of judgment.*
2. The court will order a judgment stricken from its records where it appears by the record that its entry was unauthorized and that the plaintiff had no right to place it on record as a lien or as an adjudication against the defendant.
3. In determining the propriety of striking off a judgment, the court may consider in connection with or as part of the record the undisputed facts presented by the parties, and if facts are admitted which clearly establish that the court had no jurisdiction to enter the judgment, or that the judgment was erroneous as a matter of law, or that it was entered upon a void warrant of attorney, the judgment will be stricken off.

Rule to open and strike off judgment, etc. C. P. Berks Co., Aug. T., 1922, No. 69, J. D.; Sept. T., 1922, No. 21, E. D.; Sept. T., 1922, No. 46, A. D.

*George J. Gross,* for defendant and rule; *Leonard G. Yoder,* contra.

ENDLICH, P. J., Nov. 13, 1922.—The defendant was lessee from plaintiff of a garage on Court Street, Reading, Pa., under a written lease which expired March 31, 1922. No new lease was entered into, but the defendant remained

3 D. & C.

in possession, and rent was paid (in advance) and accepted for April, May, June and July. At the end of July the defendant and his family were absent from town. Returning home about Aug. 6th, he immediately thereafter sent his check to the plaintiff for the rent for August. The check was returned to him, with the statement that, as the rent was due on Aug. 1st, and as the lease provided for the right of annulment if the rent remained unpaid for five days, the lessor availed herself of that right and desired possession of the premises. The defendant declined to vacate, and thereupon the present proceedings ensued.

An amicable action in ejectment was filed in behalf of plaintiff on Aug. 19, 1922, to No. 46, September Term, 1922, A. D., on the same day judgment confessed in it for $40 to No. 69, August Term, 1922, J. D., and an execution issued to No. 21, September Term, 1922, E. D., for the recovery of possession of the premises and costs. It does not appear from the lease that any place was therein specified for the payment of rent, nor from the lease or from the amicable action that the plaintiff or any one representing her was present on the leased premises at the time the August rent fell due for the purpose of demanding or receiving the same, nor that plaintiff or any one representing her made any subsequent demand for the payment of rent prior to her attempted annulment of the lease. As already stated, the defendant, before the receipt of notice of the attempted annulment of the lease, sent plaintiff his check for payment in full of rent for August, 1922, which check the plaintiff returned to defendant by registered mail a day or two after it was sent her. The petitioner avers that he at all times was and now is ready and willing to pay any rent justly due by him, and prays the court for a rule to show cause why the judgment in ejectment "wrongfully entered" against him to No. 69, August Term, 1922, J. D., should not be opened and stricken off, why the writ of *habere facias possessionem* issued thereunder to No. 21, September Term, 1922, E. D., should not be stayed and set aside, and why all proceedings to No. 46, September Term, 1922, A. D., should not be vacated, the plaintiff to pay all costs. A rule to show cause was granted as prayed for, and no answer appears to have been filed to it.

It requires no citation of authorities for the proposition that a proceeding to vacate or strike off a judgment can only be maintained where the ground of the court's action is a defect in the record of the judgment. To justify the court in striking a judgment from its records, it should appear by the record that its entry was unauthorized, and that the plaintiff had no right to place it on record as a lien or as an adjudication against the defendant: Miller *v.* Neidzielska, 176 Pa. 409. If, however, that is made to appear by the petition and is admitted by the plaintiff in the judgment (and such admission is established by a failure of the plaintiff to deny by answer the allegations of the petition: see *ibid.*), it is clear that the requirement referred to is satisfied and the principle stated can have no application: see *ibid.* Accordingly, it was held there, and in Stevenson *v.* Virtue, 13 Pa. Superior Ct. 103 (with a citation of authorities), that in determining the propriety of striking off a judgment the court may consider in connection with or as part of the record the undisputed facts presented by the parties, and if facts are admitted which clearly establish that the court had no jurisdiction to enter the judgment, or that the judgment was erroneous as a matter of law, or that it was entered upon a void warrant of attorney, the judgment will be stricken off.

Applying this doctrine to the present case, the facts to be considered and alleged in the petition sufficiently clearly show that the lessor was not in

position to claim the right to enter judgment. The plaintiff claims that right under certain stipulations of the lease, viz.:

"If default shall be made in the payment of any part of said rent for five days after the same becomes due . . . the first party may forfeit and annul the unexpired portion of this lease and enter upon and repossess the said premises without process of law and without any notice whatsoever.

"And the said second party hereby waives the usual three months' notice to quit, and agrees to surrender said premises at the expiration of said term, or the termination of this lease, without any notice whatsoever. And upon any proceeding instituted for the recovery of said rent, either by distress or otherwise, the said second party waives the benefits of all appraisements, stay and exemption laws, the right of inquisition on real estate and all bankrupt or insolvent laws now in force or hereafter passed.

"If default shall be made in the payment of any rent when same shall become due, or if the second party shall permit any judgment to be entered against him or make an assignment for the benefit of creditors, or commit any other act of bankruptcy, the rent for the full term shall become immediately due and collectible by distress or otherwise.

"And the said second party hereby confesses judgment in favor of the said first party for the whole amount of the rent at any time remaining unpaid, whether the same shall have been due or not, waiving stay of execution, inquisition and all exemption laws, and 5 per cent. to be added as attorney's commission for collection.

"And the said second party does hereby, upon the breach of any of the conditions of this lease, authorize any attorney of any court of record to appear for him and enter an amicable action of ejectment and confess a judgment of ejectment therein for the premises herein described, and does authorize the immediate issuing and execution of a writ of *habere facias possessionem*, with clauses of *fieri facias* for costs, without asking leave of court.

"It is further agreed that if the said second party (with the consent of the first party) shall continue in possession of the said premises after the expiration of said term, then this agreement shall become immediately operative for another like term, and the first party shall have the right to enforce any of the conditions or forfeitures of this agreement, including the confession of judgment, with the waivers, etc., as if a new agreement identical with this had been executed by the said parties for said succeeding term or terms."

The contention of the plaintiff is that under these clauses of the lease the defendant's continuance in possession after the expiration of the written lease remitted him to the latter as a renewal of the same for another year, subject to all the stipulations and rights conceded to the plaintiff under the written lease. Granting the correctness of this contention as a matter of principle, it is, nevertheless, the doctrine of our law that where a lease does not provide a place at which the rent is payable, it is the duty of the landlord, before he can take advantage of a forfeiture clause, to make a demand for the rent upon the demised premises: Bergdoll *v*. Spalding, 234 Pa. 588, and this is so, even though there had grown up between the parties a practice, pursuant to which the tenant had paid the rent to the landlord elsewhere: *Ibid*. It may be noted that the lease passed upon in that case provided no place at which the rent was payable, and the forfeiture clause gave to the landlord the right to file an amicable action and confess judgment in ejectment if the rent should be at any time in arrear and unpaid. Neither was there any allegation or averment in the amicable action of any demand upon the land for the pay-

ment of the rent before the forfeiture was invoked. It was held that the record shows a defect which invalidated the judgment, and the same was stricken off. All this has a direct and controlling bearing upon the case before us. None of the clauses quoted, either expressly or by implication, waives the requirements above mentioned in order to validate an annulment of the lease for the non-payment of rent at the precise time when, under the lease, it was payable, and, therefore, the plaintiff never acquired the right to annul or forfeit the lease: *Ibid.;* and see, also, Miller *v.* Neidzielska, 176 Pa. 409; Rea *v.* Transfer Co., 201 Pa. 273; Homet *v.* Singer, 35 Pa. Superior Ct. 491; Hughes *v.* Lillibridge, 22 Pa. C. C. Reps. 185; Hunsicker *v.* Todd, 35 Montg. Co. Law Repr. 131. Accordingly, the defendant is entitled to relief, and that relief must be by striking off the judgment attacked and not by opening it, and it only remains to formulate the order called for by what has been said.

The rule to show cause why the judgment in ejectment entered to No. 69, August Term, 1922, J. D., should not be stricken off, why the writ of *habere facias possessionem,* issued thereunder to No. 21, September Term, 1922, E. D., should not be set aside, and why all the proceedings to No. 46, September Term, 1922, A. D., should not be vacated, is made absolute.

From Wellington M. Bertolet, Reading, Pa.