## Middle City Bank v. Consumers Box Company.

*Corporations—Negotiable instruments—Notice to holders in due course of restriction by by-laws on powers of officers—Statement of claim—Sufficiency—Striking off judgment.*

A judgment on a promissory note for want of an affidavit of defence in favor of a holder in due course against a corporation as endorser will not be stricken off, although the endorsement was made in the name of the corporation by one who designated himself as proprietor, and there is no averment in the statement of claim of his authority to endorse commercial paper, since, assuming that under the by-laws he had no such authority, evidence would be admissible under the statement, if the case went to trial, to show it fell under one of the exceptions to the rule that the holder in due course of commercial paper executed by a corporation is affected with notice of limitations imposed by the by-laws upon the powers of its officers to make or endorse such paper; and, hence, the statement is sufficient to sustain the judgment.

Rule to strike off judgment. C. P. No. 1, Phila. Co., June T., 1922, No. 4916.

*Frank R. Savidge,* for plaintiff; *George W. Carr,* for defendant.

SHOEMAKER, P. J., March 16, 1923.—On July 8, 1922, the plaintiff brought suit against the defendant, and filed its statement of claim, alleging the defendant to be a corporation of Pennsylvania. The summons and copy of the statement of claim were duly served on an officer of defendant, and on Aug. 28, 1922, judgment was entered against the defendant for want of an affidavit of defence.

On Sept. 5, 1922, Edwin B. Story was appointed by the United States District Court receiver of said defendant corporation, and on Nov. 27, 1922, petitioned this court for a rule to show cause why he should not be allowed to intervene in this case and to act as said corporation would have been permitted to act had no receiver been appointed. The rule was granted and made absolute on Dec. 11, 1922.

On Feb. 10, 1923, a rule was granted to show cause why the judgment should not be stricken off, and the following reasons assigned:

1. Because it appears by the record that the said judgment was irregularly entered.

2. Because it appears by the record that the statement of claim failed to sufficiently aver a cause of action which would entitle the plaintiff to a judgment against the defendant.

3. Because it appears by the record that the plaintiff has entered judgment against a corporation upon a negotiable instrument endorsed by an individual trading under a similar name.

This rule appears to have been taken by the defendant.

The question for decision, therefore, appears to be, can the judgment entered by default in an adverse proceeding be sustained upon the statement of claim?

We are relieved of all questions of how far facts showing irregularity or invalidity of the judgment are put upon the record by the petition to strike off where admitted or not denied (Rule 84 of Court of Common Pleas; Miller *v.* Neidzielska, 176 Pa. 409 (1896); Kunkel *v.* Schroeder, 19 Dist. R. 789 (1910), as the petition avers none. And of the time of the application, as it is a defautl judgment: Pennsylvania Stave Co.'s Appeal, 225 Pa. 178. The rule must, therefore, be determined upon the facts as they appear upon the pleadings, without regard to any merits, which could be considered only upon a rule to open judgment: Hamborsky *v.* Magyar Presbyterian Church, 78 Pa. Superior Ct. 519.

The statement of claims avers:

"3. On or about April 25, 1922, J. E. Perry Company, by J. E. Perry, Prop., in Philadelphia, Pennsylvania, made, executed and delivered its certain promissory note, payable to the order of J. E. Perry, for Two Thousand Six Hundred Fifty Dollars ($2650), of which the following is a true and correct copy:

"' '2650.                                                        Phila., April 25, 1922.

"' 'On May 1, 1922, we promise to pay to the order of J. E. Perry Twenty-six Hundred fifty Dollars, without defalcation, for value received.  Payable at Middle City Bank, Phila.                          J. E. PERRY Co.,

By J. E. Perry, Prop.'

(54 c U. S. Int. Rev. stamps affixed.)

"4. Said note was thereupon endorsed and delivered by J. E. Perry, the payee therein named, to the Consumers Box Co., and the said Consumers Box Company thereupon, prior to maturity of the note, endorsed, transferred and delivered the same to the plaintiff for a valuable consideration, and without notice to plaintiff of any infirmity in said note or any defect in the title thereto, whereupon plaintiff then became and is now the *bona fide* holder in due course in good faith of said note for valuable consideration, the endorsement being as follows: 'Consumers Box Co., By J. E. Perry, Prop.'

"5. Plaintiff caused the said note, at the date of maturity thereof, to be presented to the maker thereof, J. E. Perry Co., and payment of said note was demanded of said J. E. Perry Co. in accordance with the tenor thereof, which payment was refused.  Thereupon plaintiff caused said note to be immediately protested for non-payment at maturity, and paid therefor $2.20 protest charge, of which protest defendant was forthwith duly and legally notified, and thereupon became liable to pay the note and protest charge aforesaid to the plaintiff."

Upon an inspection of this record, does any irregularity or insufficiency appear thereon?  To justify the court in striking off the judgment, it should appear that the judgment was unauthorized and that the plaintiff had no right to place it on record against the defendant: Williams, J., in Miller *v.* Neidzielska, 176 Pa. 409, 411.

A plaintiff's statement must aver a complete cause of action and conform with the provisions of the Practice Act of 1915, and sections 5 and 9 of said act relate specially to such a pleading.

The objection to the statement of claim in this case is that the endorsement of the promissory note by the alleged defendant is "Consumers Box Company, by J. E. Perry, proprietor," and, therefore, it was not an endorsement by the corporation, but by an individual, who, by his designation as "proprietor," not only failed to show that it was an endorsement by the defendant, but contradicts such an authority, because there could not lawfully be a corporation of which one person was the proprietor.  This might be a valid objection, because sole corporations, other than possibly ecclesiastical ones, are unknown to our law.  It is urged by the plaintiff, however, that the averment having been made, the evidence by which it could be supported should not be averred in the statement, as the Practice Act of 1915 forbids it.

Treating the statement as an averment, can it be the basis for evidence at the trial to show a liability of the defendant?

There is no averment that Perry was not an officer of the defendant, or that any by-law of the corporation had been violated by the endorsement, and the word "proprietor" on the endorsement may be treated as surplusage.  While the law of Pennsylvania is, that the extent of an officer's power and agency is

2 D. & C.

limited by the by-laws and a person dealing with the corporation is charged with notice of the same with respect to commercial paper, this rule has been modified in at least four instances, viz.: *(a)* Where the corporation receives a benefit from a note irregularly executed; *(b)* a previous course of dealing between the same parties; *(c)* a previous course of dealing generally under certain circumstances; and *(d)* where the entire management and control of the company is handed over to one individual: Putnam *v.* Ensign Oil Co., 272 Pa. 301.

It may, therefore, we think, have been shown upon the trial of this cause that the note in suit was governed by one of the exceptions above set forth, especially the last, and the statement of claim sustained.

Rule discharged.