## Curtze v. Ostrow et al., Executors

*Jackson D. Magenau,* of *English, Quinn, Leemhuis & Tayntor,* for plaintiff.

*J. Leonard Ostrow* and *Charles J. Goldberg,* for defendants.

KITTS, P. J., January 6, 1941.—This interesting case comes before the court on account of a plea in the nature of an affidavit of defense to a scire facias by virtue of section 20 of the Practice Act of May 14, 1915, P. L. 483. The only question before this court is whether the scire facias filed by Rose A. Curtze, plaintiff, on March 16, 1940, was in strict compliance with section 15 of the Fiduciaries Act of June 7, 1917, P. L. 447, so as to continue a lien of a judgment against the real estate of decedent, Samuel D. Ostrow.

This arises out of the following facts which were agreed upon by counsel for both sides when this case was argued before the court, viz, Samuel D. Ostrow, a resident of Erie, Pa., died on March 15, 1934, testate, and his widow, Frances B. Ostrow, and the First National Bank of Erie, Pa., were duly appointed executors of his estate. At the time of the death of Samuel D. Ostrow he was the owner of several pieces of real estate in the City of Erie, Pa. On March 14, 1935, plaintiff, Rose A. Curtze, instituted a suit in assumpsit, to no. 161, May term, 1935, against Frances B. Ostrow and the First National Bank of Erie, Pa., executors of the last will and testament of Samuel D. Ostrow, deceased, with instructions to the prothonotary to have the same indexed against decedent and against the executors of the estate of Samuel D. Ostrow, deceased, under the provisions of section 15 of the Fiduciaries Act of 1917, supra. On October 21, 1937, judgment was entered by Rose A. Curtze against Frances B. Ostrow and the First National Bank of Erie, Pa., executors of

said estate. On March 16, 1940 (six years and one day after the death of Samuel D. Ostrow), plaintiff caused to be issued a writ of scire facias at no. 433, May term, 1940, in which Frances B. Ostrow and the First National Bank of Erie, Pa., executors of the estate of Samuel D. Ostrow, deceased, with notice to Frances B. Ostrow, J. Leonard Ostrow, Herbert H. Ostrow, and Philip B. Ostrow, heirs and devisees of Samuel D. Ostrow, were named as parties. On May 29, 1940, Frances B. Ostrow, J. Leonard Ostrow, Herbert H. Ostrow, and Philip B. Ostrow, the heirs and devisees of Samuel D. Ostrow, deceased, entered a plea to the scire facias filed by Rose A. Curtze, averring that the scire facias was not filed in time and that therefore the lien of the judgment of plaintiff against the real estate of decedent in the hands of his heirs was invalid. Plaintiff has made no objection to the procedure in this case, and both sides have predicated their lawsuit upon the question of whether the scire facias in this case was filed in time. Defendants take the position that the scire facias, having been filed on March 16, 1940, six years and one day after the death of Samuel D. Ostrow, was too late, and that the real estate devised to the heirs of Samuel D. Ostrow was freed from the lien of the judgment entered by Rose A. Curtze on October 21, 1937. Learned counsel for plaintiff, however, puts an entirely different construction on this act. We are of the opinion that the scire facias was filed too late, and that the real estate now owned by the heirs of Samuel D. Ostrow was freed from the lien of this judgment. The plea to the scire facias by alleged terre-tenants was in the following form, to wit:

"Plea to Scire Facias by Alleged Terre Tenants.

To the Honorable, the Judges of said Court:—

Your petitioners, Frances B. Ostrow, J. Leonard Ostrow, Herbert H. Ostrow and Philip B. Ostrow, respectfully plead to the scire facias issued in the above-entitled matter and respectfully represent that the lands, tenements, and hereditaments in the estate of Samuel D.

Ostrow, deceased, which your petitioners now own and possess under the terms and provisions of the last will and testament of Samuel D. Ostrow, deceased, are discharged from the lien of the original judgment; that your petitioners are not at the time of making this plea terre tenants of the defendant, and further that they hold, own, and possess no lands, tenements or hereditaments on which the said judgment mentioned in said scire facias is a lien, and that the scire facias which has been issued by the plaintiff is not and will not be a lien on any of the real estate now owned by the aforesaid Frances B. Ostrow, J. Leonard Ostrow, Herbert H. Ostrow, and Philip B. Ostrow.

Respectfully submitted,
J. LEONARD OSTROW,
Attorney for Petitioners."

Clause (*a*) of section 15 of the Fiduciaries Act, supra, reads as follows:

"Section 15(a). No debts of a decedent, including the cost of settlement of the estate and the funeral expenses of the decedent, except as provided in clauses (b), (g), and (h) hereof, shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed, within said period, against the decedent and such executor or administrator, in the judgment index in the county in which such action is brought, and also in the county in which the real estate sought to be charged is situate, and be duly prosecuted to judgment; and then to be a lien only for the period of five years, unless the same be revived by writ of scire facias against the decedent, his heirs, executors or administrators, and the devisee, alienee, or owner of the land sought to be charged, in the manner now provided in the case of the revival of judgments."

It might be well at the outset to give a brief recital of the legislation with reference to the liability of lands of a decedent in the hands of his heirs for the debts of a decedent, and the law with reference to the fixing of such liability, and the eventual curtailment of such liability, to aid in solving the legislation and the evident purpose thereof, in the way of unfettering lands from the lien of debts of a decedent.

The Act of April 4, 1797, 3 Sm. L. 296, provided that the lien of a decedent's debts should continue upon his real estate for seven years only from his decease, unless an action for recovery thereof be commenced and be duly prosecuted to judgment.

This statute remained in force until the Act of February 24, 1834, P. L. 70, was passed. This act provided that no debts of a decedent shall remain a lien on the real estate of such decedent longer than five years after the decease of the debtor, unless an action for the recovery thereof be commenced and duly prosecuted against his heirs, executors, and administrators, within the period of five years after his decease: Allen et al. v. Krips et al., 119 Pa. 1.

In the case of Allen et al. v. Krips et al., 125 Pa. 504, the court decided that in proceedings to charge the real estate of a decedent in the hands of his widow and heirs the latter must be proceeded against within ten years from the death of such decedent, and, if it appeared of record that they were not proceeded against within that time, any judgment de terris that may have been improvidently entered against them would be stricken off.

The Act of June 8, 1893, P. L. 392, reduced the period of time during which the debts of a decedent should remain a lien upon the real estate of the debtor without suit being brought from five years to two years after the decease of the debtor.

The Act of May 3, 1909, P. L. 386, which repealed all prior acts, provided that the lien of the debts of a decedent was continued to two years after the decease of

the debtor without suit being brought, but provided that the liens should expire, unless within said period an action be brought against the executor of such decedent and such action be indexed within said period.

The Fiduciaries Act of 1917 was passed, which repealed all prior acts inconsistent therewith, and which act is quoted hereinabove.

Thus, it seems that the trend of legislation has been constantly in favor of reducing the period of time within which debts were continued to be liens against the real estate of decedents. The purpose of the laws was to remedy the inconvenience and hardships incident to stalling and slumbering claims against a decedent's estate, and to make certain and free from debt titles of heirs, devisees, and purchasers.

The Supreme Court decided under the Act of 1834, supra, which reduced the period of duration of the lien of the debt without any suit from seven years under the Act of 1797, supra, to five years, that the only effect of the Act of 1834 was to reduce two years, or from 12 years to 10 years from the death of decedent, *the time within which the widow and heirs must be warned by a writ of scire facias:* Corrigan's Estate, 82 Pa. 495; Hope, Admr., et al. v. Marshall, Admr., 96 Pa. 395.

Under the Act of 1909, the widow and heirs had to be brought in within five years from the expiration of the two years, within which the action was required to be brought, or within seven years from the death of decedent.

Learned counsel for defendants rely upon the case of Kirk v. Van Horn et al., 265 Pa. 549. It must be borne in mind, however, that Mr. Justice Simpson, in speaking for the Supreme Court, was not construing the Act of 1917, supra, but he was construing the Act of May 3, 1909, P. L. 386, and, while however brilliant was the reasoning in this case, learned counsel for plaintiff maintains that it is pure obiter dictum. We think the discussion of the Supreme Court throws much light on this subject and, as the law stood at that time, the widow and

heirs or devisees had to be made parties to the action by scire facias to revive a judgment within five years after the time prescribed for commencing the action, which was two years after the date of death, while in the present case it is one year; in other words, under the law as it stood at the time the case of Kirk v. Van Horn et al., supra, arose, in order to continue the lien of decedent's debts against his real estate, an action had to be begun within two years after his death, and duly prosecuted to judgment, and a scire facias to continue the lien of such judgment had to issue within five years from its date, which could not be more than seven years from the date of the death of decedent, while under the law at present, since the time limit for commencing the action has been reduced from two years to one year, such judgment must be obtained and a scire facias issued to revive the same within six years from the date of death. If the position of plaintiff is to be maintained in the instant case, it would be possible to start a suit within a year, get a judgment four or five years later, and then issue a scire facias within five years thereafter. Under such a plan the heirs would have no way of meeting the claim on its merits for approximately eleven years. The Kirk v. Van Horn et al. case holds that a proceeding to charge lands with the debt of a deceased owner is strictly in rem, and no admission, however solemn, will dispense with compliance with the statutory provisions in regard thereto. Vigilant prosecution in the statutory mode is essential to keeping the lien alive. This case also holds that a judgment in a suit against the personal representatives of itself creates no lien, but only serves to prevent the lapse of the statutory lien during the time fixed by the statute. This case also laid down a hard and fast rule as to the time within which the widow and heirs or devisees must be made parties to the action, the genesis of the rule being that lands of a deceased owner are assets for the payment of his debts.

There was no contention on the part of defendants that the judgment of plaintiff was invalid, but they do main-

tain that her lien against the real estate of decedent is lost on account of the fact that she did not strictly comply with the provisions of the said Act of 1917. See Hunter et al. v. Lanning et al., 76 Pa. 25.

In the case of Brennan's Estate, 277 Pa. 509, the court held that the statutes limiting the time within which suit must be brought to continue the lien of debts of a debtor are statutes of limitations and repose, and as such can be taken advantage of, not only by bona fide purchasers of the realty, but also by the heirs and devisees of decedent. See also Reel's Estate, 272 Pa. 135.

The right of a creditor is well discussed in Higgins' Estate, 325 Pa. 106, which holds that there must be a strict compliance with the terms of the statute.

In the case of Windber Trust Co. v. Wick, Admx., 118 Pa. Superior Ct. 578, the court was most concerned with the necessary form of action, and held that in that particular case assumpsit was proper, and that is all the court did decide. And the Superior Court, speaking through President Judge Keller, stated that the time to decide whether the action in that case was a lien on decedent's lands was when a scire facias would later be issued, which would be a proceeding in rem. Matters as to whether the proper procedure had been taken were ruled to be premature, the court passing only upon the validity of plaintiff's claim in the sum of $412.

We can find no appellate court case which directly rules upon the point at issue in this case. However, the case of Central-Penn National Bank of Phila. v. Culp et al., 320 Pa. 358, holds that a general creditor who fails to continue the lien of his claim against the land of a decedent in accordance with the Act of 1917 may not thereafter proceed against the land of decedent, and this is so although it is alleged that decedent fraudulently conveyed the land to another in his lifetime.

The requirements of the Act of 1917 must be strictly complied with. No court, in ruling upon the question of a claim de terris, has gone so far as to say that a plaintiff's

claim is entirely destroyed when the lien is lost. This is not the law, and a plaintiff may have recourse against personal assets of an estate or in some other manner later effectuate a lien upon real estate.

We now come to the only case which in the opinion of this court is on all fours with the point in controversy, that is, the case of Pyles, Executrix, v. Bosler et al., 22 D. & C. 10. We think that President Judge Reese, of the Ninth Judicial District, thoroughly covered the subject in his ruling in this case. He held that, if the original action is brought against the executor, the widow and heirs must be made parties within five years after the period during which action against the personal representatives must be brought. The court held that section 15 of the Act of 1917, which requires a scire facias to revive a lien of debt against real estate of a decedent to be issued within six years from the time when the cause of action accrued, has no application if in the original cautionary suit both the executor and the devisees were joined in such action. Judge Reese stated, inter alia, as follows (p. 12) :

"The purpose of bringing in the devisee at some stage of the proceeding is to give him the right to test the claim of the creditor on its merits, to show that it is not valid or has been partly or fully paid . . ."

Both sides in this case made considerable comment on the discussion of the 46th annual meeting of the Pennsylvania Bar Association held in Bedford Springs. This report can be found in the June Quarterly of 1940, vol. 11, no. 4, all of which this court had previously read. It indeed is interesting and creates somewhat of a diversity of opinion among practitioners; nevertheless this does not change the law, and if a change in the practice in the law of decedents' estates is desired the recommendation of this committee should be taken up with the next session of the legislature, which we deem is the proper forum through which this relief may be sought.

Surely, if the Act of 1917 fixes the time within which the scire facias must be issued, no court has power to enlarge it: Harris v. Mercur (No. 1.), 202 Pa. 313.

And now, to wit, January 6, 1941, in view of the foregoing, the plea of the terre-tenants is sustained, the scire facias sur judgment in this case is stricken from the record, and judgment is hereby entered thereon for defendants.