## Newman v. Naumann et al.

*Elmer L. Menges*, for plaintiff.
*Therman P. Britt*, for defendants.

KNIGHT, P. J., April 7, 1955.—This court granted a rule on plaintiff to show cause why the judgment entered in this case should not be stricken off. An answer was filed and the case argued before the court en banc.

The mechanic's lien was filed on March 23, 1954, and on July 27, 1954, pursuant to a sci. fa. sur mechanic's lien issued on behalf of plaintiff, judgment was entered against defendants and the land described in the claim for $759.24.

The lien claim recites that it is filed for labor and material done and furnished between the dates of June 17, 1953, and November 11, 1953, in connection with alterations and repairs to the premises described in the lien claim.

Section 10 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §52, provides:

"In the case of tenancies or leasehold estates, of *alterations* and *repairs*, and of fitting up or equipping old structures with machinery, gearing, boilers, engines, cars or other useful appliances, the claim must be filed in the Court of Common Pleas of the county or counties in which the structure or other improvement is situate, within three months after the claimant's contract or agreement is completed; and in all other cases, within six months thereafter; and when filed, it shall be entered and indexed in the mechanics' lien docket. . . . If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the time aforesaid, it shall be wholly lost." (Italics supplied.)

The present lien was filed on March 23, 1954, or 4 months and 12 days after November 11, 1953, when the last work was done or material furnished. If proceedings had been taken to strike off the lien, the court would have been required to strike it off: Russell v. Bell, 47 Pa. 27 (1862) ; Ragano v. Baker et al., 70 Pitts. L. J. 1084 (1922), and 12 Standard Pa. Practice, §223.

In this case, however, judgment has been entered on the defective lien and the question arises if the judgment can be stricken off.

Mechanics' liens are creatures of statute; they did not exist under the common law. The courts have held that a lien not filed within the time specified by the statute is wholly lost for the period allowed by the statute is the time limit in which the remedy afforded by filing a lien must be exercised.

The mechanic's lien claim filed in this case shows on its face that no right to a lien existed when the claim was filed.

In 7 Standard Pa. Practice 173, §172, it is provided:

"There are cases in which a judgment may be stricken off because it appears upon the face of the record to have been entered in violation of a valid stat-

utory provision. This is true of a judgment which is in conflict with the statute of frauds."

This rule has been recognized by the courts in a number of cases. See Allen v. Krips, 119 Pa. 1; Miller, to use, v. Neidzielska, 176 Pa. 409; Pantall v. Dickey, 123 Pa. 431; Galli's Estate, 340 Pa. 561; Gedrich v. Yaroscz, 102 Pa. Superior Ct. 127, and North & Co. v. Yorke, 174 Pa. 349.

It may be urged that defendants are now estopped from objecting to the judgment because they sat by and allowed judgment to be entered on the lien.

In Hamilton v. Means et al., 155 Pa. Superior Ct. 245 (1944), the Superior Court said:

"An owner is not obliged to defend a scire facias, prepare an affidavit of defense and go to trial unless the Claimant presents a claim, which, on its face, including amendments, makes out a prima facie case for recovery."

And now, April 7, 1955, the rule is made absolute and it is ordered and directed that the judgment in this case be stricken off.