Commonwealth of Pennsylvania, to use of Loretta J. McDonald, to use of D. B. Nace, Executor of Hon. Daniel Logan, deceased, Elizabeth Pittman, Executrix of George J. Pittman, deceased, and Thomas Johnson and Olive D. Pittman, Appellants, *v.* Sarah J. Cooper and Jennie E. Cooper, Administratrices of Hon. James Cooper, deceased, and Sarah J. Cooper, widow of said Hon. James Cooper, deceased, Samuel Cooper, Harvey Cooper and Jennie E. Cooper, children and heirs of said deceased.

*Principal and surety—Bond of administrator—Lien of decedent's debts—Act of February* 24, 1834.

The liability of a surety on a bond given by an administrator who has been ordered to sell real estate, is within the meaning of section 24 of the Act of February 24, 1834, and in order to recover against the widow and heirs of the surety an action must be commenced, or a copy or written statement of the bond must be filed, within five years after the surety's death.

Argued May 29, 1899. Appeal, No. 13, May T., 1899, by plaintiffs, from judgment of C. P. Fulton Co., June T., 1898, No. 60, for defendants non obstante veredicto. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias to enforce an alleged lien against real estate.

At the trial the jury under instructions from the court returned a verdict for plaintiffs for the sum of $1,020.68, subject to the opinion of the court whether judgment should not be entered for defendants non obstante veredicto. Subsequently the court entered judgment for the widow and heirs of James Cooper, deceased, non obstante veredicto, SWOPE, P. J., filing the following opinion:

On the trial of above scire facias the jury were directed to return a verdict in favor of the plaintiffs for the sum of $1,020.68, subject to the opinion of the court on the question of law

reserved, whether, under all the evidence, judgment should not be entered in favor of the defendants non obstante veredicto.

All the facts in the case are undisputed and are entirely matters of record. As far as it is necessary to state them they are as follows :

October 4, 1875, on petition of all the heirs and legatees of John Kittel, deceased, the orphans' court of this county awarded a sale of said decedent's real estate for the payment of legacies. The order was directed to Robert A. McDonald, administrator c. t. a. of said decedent, and the husband of.Loretta J. McDonald, a daughter, and one of his legatees. The said trustee gave bond, with Daniel Logan, George J. Pittman and Hon. James Cooper, as sureties, which was approved the same day by the court.

January 11, 1876, a return of sale was made and confirmed. The purchase money received by McDonald, as trustee, was $11,000, who, after deducting proper expenses, on April 1, 1876, paid all the legatees, except his wife, and took their receipts and releases. The share of his wife, April 1, 1876, was $2,987.78.

Nothing further was done by this trustee until December 10, 1887, when he filed his account, to which was appended this statement: "Leaving in the hands of the trustee, of the amount of the bequest to Ettie J. McDonald, under the last will and testament of John Kittel, deceased, the sum of $2,987.78; interest from April 1, 1876." To this account exceptions were filed by the two surviving sureties on the bond, Logan and Pittman. The substance of two of said exceptions was as follows : (2) The share of Ettie, wife of the trustee, had been paid by her husband. (3) The account was collusively filed for the purpose of defrauding the sureties on the bond, the husband having become insolvent.

An auditor was appointed to make distribution, find facts, etc. The case was appealed to the Supreme Court, which filed its opinion July 19, 1893, in which they found there was due and payable by Robert A. McDonald, trustee, to Loretta J. McDonald, legatee under the will of John Kittel, deceased, $2,987.78, principal.

March 12, 1894, Mrs. McDonald brought suit on the bond against Logan, then the only surviving trustee, and, after other

proceedings not necessary to detail here, on October 8, 1895, recovered a verdict in her favor for $3,961.80, which was duly paid by said Logan. · Hon. James Cooper died March 8, 1883. January 23, 1888, to No. 8, March term, 1888, Mrs. Loretta J. McDonald brought suit against Sarah J. Cooper and Jennie E. Cooper, administratrices of Hon. James Cooper, deceased.

February 28, 1888, there was filed in the prothonotary's office of Fulton county a particular statement and copy of this bond to No. 49, March term, 1888, to have the full lien, remedy and effect on the real estate of the said James Cooper, deceased,·for the amount of said bond, as provided by Act of February 24, 1834, sec. 24, which statement was regularly indexed against said administratrices.

January 12, 1897, the petition of the executor of Daniel Logan, deceased, was presented to the court asking to be substituted as the use plaintiff in the above suit of Mrs. McDonald, brought January 23, 1888, to No. 8, March term, 1888, and on September 23, 1897, this substitution was allowed. October 9, 1897, on motion of plaintiff's attorney, the record to No. 8, March term, 1888, was amended by adding thereto as the legal plaintiff "Commonwealth of Pennsylvania, for use." March 23, 1898, on motion the record was further amended by adding as plaintiffs Elizabeth Pittman, executrix of George J. Pittman, deceased, and Thomas Johnson and Olive D. Pittman. January 28, 1898, plaintiff's statement was filed. March 23, 1898, jury called and same day verdict for plaintiff against Cooper's administratrices for $993.04.

May 15, 1898, this scire facias was issued to bring in the widow and heirs of said James Cooper, deceased, for the purpose of collecting the above judgment from the real estate of said decedent, now in the possession of his heirs and devisees.

On the above facts, should judgment in this action be rendered against the defendants as widow and heirs?

Act of February 24, 1834, sec. 24, provides: "No debts of a decedent, except they be secured by mortgage or judgment, shall remain a lien on the real estate of such decedent longer than five years after the decease of such debtor, unless an action for the recovery thereof be commenced and duly prosecuted against his heirs, executors or administrators, within the period of five years after his decease; or a copy or particular written

statement of any bond, covenant, debt or demand, where the same is not payable within the said period of five years, shall be filed within the said period of five years, in the office of the prothonotary of the county where the real estate to be charged is situate ; and then to be a lien only for the period of five years after said bond, covenant, debt or demand becomes due."

The above section of the act of 1834 does not create, but limits, the lien of a decedent's debts upon his real estate. Its purpose, like the Act of April 4, 1797, sec. 4, was to establish repose and certainty in titles, by preventing, after a certain lapse of time, any other lien or incumbrance, than what is made to appear by matter of record, in the office where the diligent may discover its existence : Kerper v. Hoch, 1 Watts, 9 ; Trinity Church v. Watson, 50 Pa. 518 ; Colwell v. Rockwell, 100 Pa. 133 ; Cake's Appeal, 157 Pa. 457. As remarked by Mr. Justice PAXSON, in Hunt & Lehman's Appeals, 105 Pa. 137, the above·section provides two ways in which the debts of a decedent can be continued upon his real estate for a longer period than five years after his death : (1) by the commencement and prosecution of an action against his heirs, executors or administrators within the period of five years after his death ; (2) where the debt is not payable within five years, a copy or particular written statement of the bond, covenant, debt or demand shall be filed within the period of five years, in the office of the prothonotary of the county where the real estate to be charged is situate.

Where the debt is due and payable the suit therefor must be commenced within five years from the death of the decedent and duly prosecuted, or the lien is lost, and where the debt is not due and payable within five years, the creditor must file a copy or particular statement of the instrument by which the debt is secured within five years after the decedent's death, which will continue the lien for the period of five years after said bond, covenant, debt or demand becomes due. " These directions being statutory cannot be omitted."

The protection and benefit of the act of 1834, sec. 24, inure to heirs and devisees as well as bona fide purchasers : Kerper v. Hoch, 1 Watts, 9 ; Quigley v. Beatty, 4 Watts, 13 ; Hemphill v. Carpenter, 6 Watts, 22 ; Com. v. Pool, 6 Watts, 32 ; Bailey v. Bowman, 6 W. & S. 119 ; Loomis's Appeal, 29 Pa.

237.  The liability or debt of a surety on a bond such as this, though contingent, is within the meaning of the act of 1834, and, to secure the repose and certainty of titles, in order to recover against the widow and heirs of said surety, the action must be commenced or a copy or written statement filed within five years after his death: Com. use of McLane et al. v. Admrs. of James Dugan, deceased, 3 W. N. C. 303.

Hon. James Cooper died March 8, 1883.  The action of Mrs. Loretta J. McDonald against the administratrices of said decedent, to No. 8, March term, 1888, was instituted January 23, 1888, and no declaration was ever filed by the above named plaintiff. This contained no record notice of an action on this bond, as required by the act of 1834, but evidenced only an individual claim against said estate.  It was not until October 9, 1897, over fourteen years after the death of James Cooper, and over nine years after the institution of above suit, that the record was amended by adding "as the legal plaintiff," "Commonwealth of Pennsylvania for use."  The lien of this debt as against the lands of said decedent, as far as this action is concerned, is therefore barred by the lapse of time.

The filing of the copy or particular statement of the bond in the prothonotary's office, on February 28, 1888, was no action, but only record notice of one to be brought when liability on the bond was fixed and established.  If, as claimed by the plaintiffs, no debt was due on this bond for which the estate of James Cooper could have been sued until October 8, 1895, when Mrs. McDonald recovered judgment against the only surviving surety, and the filing of the above statement or copy of the bond prevented the operation of the act of 1834, clearly, a new action should have been brought if they desired to resort to decedent's real estate, and they should not seek to do so by issuing a scire facias on a judgment recovered against his administratrices, in an action which was commenced on January 23, 1888.

And now, November 1, 1898, on the question of law reserved, we direct judgment to be entered on the verdict in favor of the plaintiffs and against Sarah J. Cooper and Jennie E. Cooper, administratrices of Hon. James Cooper, deceased, for the sum of $1,020.68, and that judgment be entered in favor of the following named defendants: Sarah J. Cooper, widow of Hon. James Cooper, deceased, Samuel Cooper, Harvey Cooper and

Jennie E. Cooper, children and heirs of said decedent, non obstante veredicto.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*W. U. Brewer,* with him *J. Nelson Sipes, W. Rush Gillan* and *John P. Sipes,* for appellants, cited Com. v. Dugan, 3 W. N. C. 303; Hemphill v. McClimans, 24 Pa. 370; Phillips v. R. R. Co., 107 Pa. 472; Sergeant v. Ewing, 36 Pa. 156; Colwell v. Rockwell, 100 Pa. 133; Davidson v. Thornton, 7 Pa. 128; Hopkins v. Stockdale, 117 Pa. 365; Messmore v. Williamson, 189 Pa. 73.

*M. R. Shaffner,* with him *George A. Smith,* for appellees.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 19, 1899:

This scire facias on judgment No 8 of March term, 1888, was issued May 5, 1898, to bring in the widow and heirs of James Cooper, deceased, against whose administratrices said judgment was recovered on March 26, 1898.   The original liability which is thus sought to be enforced against the widow and heirs was assumed by said decedent, James Cooper, as one of three sureties on the bond of Robert A. McDonald, trustee to make sale of the real estate of John Kittel, deceased, to pay legacies. The present use plaintiffs are the legal representatives of the other cosureties who made payments under the obligation of the bond on which they and Cooper were sureties, and the effort here is to enforce contribution from the estate of Cooper, their cosurety.   A brief outline of the facts may conduce to a clearer understanding of the case.

Robert A. McDonald, administrator cum testamento annexo of John Kittel, deceased, was appointed trustee to make sale of said decedent's real estate for the purpose of paying legacies, and gave bond with Daniel Logan, George Pittman and James Cooper as sureties.   Loretto J. McDonald, a daughter of said decedent, and one of his legatees, was the wife of the trustee. The sale was made, returned and confirmed nisi January 11, 1876.   No account was filed until December 16, 1887, at which time it is admitted the trustee was insolvent.   That account

showed a balance of $10,656.78 in the hands of the trustee. Appended to it was a statement showing a distribution of this balance to the parties entitled, except Mrs. McDonald, the trustee's wife, and concluding thus : " Leaving in the hands of the trustee, of the amount of bequest to Ettie J. McDonald, under the last will and testament of John Kittel, deceased, the sum of $2,987.78, interest from April 1st, 1876."

James Cooper, one of the sureties, having died March 8, 1883, exceptions to the account were filled by Logan and Pittman, the surviving sureties. These exceptions were not confined to the account, as they should have been, but attempted to raise the question of payment or discharge of the balance in favor of Mrs. McDonald. An auditor was appointed " to take testimony, find the facts and report a distribution, if necessary." He reported distribution, fixing Mrs. McDonald's share at $2,987.78, with interest from April 1, 1876, the date of confirmation absolute of the trustee's sale, and further reported that Mrs. McDonald's distributive share had not been paid. On appeal, etc., interest was disallowed on the ground that the claimant had delayed making demand, etc. : Kittel's Estate, McDonald's Appeal, 156 Pa. 445.

On January 23, 1888, suit was brought by Mrs. McDonald against the personal representatives aforesaid of James Cooper, deceased, but judgment (on which this scire facias was issued) was not recovered until March 26, 1898. In the mean time the surviving sureties, Logan and Pittman, having been compelled to pay Mrs. McDonald's claim, were substituted as use plaintiffs, and the record was further amended, by adding the commonwealth as legal plaintiff.

On February 28, 1888, a copy of the bond given by the trustee and his sureties was filed in the office of the prothonotary, with the view of obtaining a lien on the real estate of which Cooper, the deceased surety, died seized.

On the trial of the scire facias the records above referred to, etc., were put in evidence, and a verdict was directed for the plaintiffs subject to the question of law reserved, whether under all the evidence (none of which was disputed) judgment should not be entered for defendants non obstante veredicto. Under that reservation, judgment was afterwards entered on the verdict in favor of the plaintiffs and against Sarah J. Cooper and

Jennie E. Cooper, administratrices of James Cooper, deceased, for the sum of $1,020.68, and judgment non obstante veredicto was entered in favor of the following named defendants, Sarah J. Cooper, widow of James Cooper, deceased, Samual Cooper, Harvey Cooper and Jennie E. Cooper, children and heirs of said decedent.

Notwithstanding the able and ingenious argument of the learned counsel for appellants, we are not convinced that the learned president of the common pleas erred in holding that the debt in question had ceased to be a lien on the land of which James Cooper died seized, and that, upon the undisputed facts, the plaintiffs were not entitled to judgment against said land in the hands of his widow and heirs at law. His conclusions are so well sustained by both reason and authority that little can be profitably added to what is contained in his opinion disposing of the reserved question. It is well settled that, in order to continue the lien of unsecured debts for a period of ten years after the death of the debtor, suit must be brought within five years and duly prosecuted to judgment: Hope v. Marshall, 96 Pa. 395. In that case, speaking of the scire facias to bring in the widow and heirs, etc., it was said: " It issued more than ten years after the death of the decedent debtor, and the lien of the debt, as against their lands, was barred by lapse of time. The learned judge therefore erred in entering judgment against the plaintiffs in error. It should have been entered against Hope, the administrator, only." Again, in Allen v. Krips, 119 Pa. 1, in was held that in proceedings to charge the real estate of a decedent in the hands of his widow and heirs, under the act of 1834, the proceedings must be instituted against them within ten years after the death of the debtor. To the same effect are Allen v. Krips, 125 Pa. 504, and other cases that might be cited. There appears to be nothing in the facts of the case before us to take it out of the rule recognized in the cases referred to. In this case, the judgment on which the scire facias was issued was not recovered until more than ten years after suit brought, and fifteen years after the death of James Cooper, the decedent. The present proceeding was of course commenced still later.

We find nothing in either of the specifications of error that requires further notice. They are all dismissed.

Judgment affirmed.