ANONYMOUS *v.* HOSPITAL ET AL. (1976-11)*

SUPERIOR COURT

O'BRIEN, J. In this malpractice action charging the defendant hospital and physician with negligence in the performance of a bilateral tubular ligation, the defendants have by demurrer attacked the damage aspects of the plaintiffs' cause of action.

Paragraph eight of the plaintiffs' complaint alleges that the plaintiff mother "suffered the pain and trauma of the birth of a child, consequent damage to herself, pain and anxiety and nervousness over her pregnancy and childbirth. She became nervous and upset upon learning that she was pregnant. She was unable to carry on all of her household duties and eventually was hospitalized and gave birth to her fourth child on or about

---

* Thus entitled, in view of the subject matter of the case.

October 12, 1974. Said pregnancy was unplanned and totally unexpected by the plaintiff and her husband, and as a result thereof, she will sustain economic loss in the cost of rearing the fourth child, all caused by the negligence and carelessness of the defendants. She also was required to undergo additional surgery on October 12, 1974 in order to permanently close her tubes so that she could not conceive and bear children again." Paragraph nine alleges "great emotional stress and strain. The plaintiff and her husband have had to replan their family life. In addition the plaintiff and her husband have incurred and will incur unexpected and unplanned for hospital and medical and surgical bills and unplanned for and unexpected costs and expenses in raising and bringing up their fourth child, all of which, because of the financial condition of the plaintiff and her husband, will impose a great burden on them . . . ." In paragraph eleven of the second count, the plaintiff husband repeats essentially the same elements of damage as alleged by the wife in paragraphs eight and nine of the first count.

The defendants demur to those allegations insofar as they purport to allege (1) a cause of action for wrongful life; (2) a cause of action for the cost of rearing their fourth child; and (3) a cause of action for the emotional stress and strain of having that child. Their demurrer is based on the contention that those causes of action are not authorized by statute or common law and are against the public policy of Connecticut.

The defendants' brief contains no reference to the public policy aspect of the argument and it must, therefore, be considered waived. In passing, it must be noted that "[a] judicial declaration of preemptive public policy should express the manifest will of the people." *Troppi* v. *Scarf*, 31 Mich. App.

240, 252. *Shaheen* v. *Knight,* 11 Pa. D. & C. 41, suggested that an operation for the purposes of family limitation motivated solely by personal or socioeconomic considerations is not antithetical to public policy. *Custodio* v. *Bauer,* 251 Cal. App. 2d 303, 317, held that "[w]here not prohibited by statute, the matter would appear to be one of individual conscience." Whether the state can control the subject may be questioned in view of the fact that the giving to married persons of information, instruction, and medical advice on the means of preventing conception is now clothed in a cloak of constitutional protection. *Griswold* v. *Connecticut,* 381 U.S. 479.

In 1967, California addressed itself to the problem of the damages provable in a cause of action similar to that involved here. In *Custodio* v. *Bauer,* supra, the California Court of Appeals in the first district, in overruling the sustaining of general demurrers to the complaint, held (p. 322) that if a plaintiff and her husband were able to establish violation of the duty owed by the defendant physicians in performing a sterilization operation on the wife, they should at least be reimbursed for any outlay for the unsuccessful operation, and they should recover for any physical complications and mental, physical, and nervous pain and suffering which the operation was designed to prevent. The California court disagreed with the holding of a Pennsylvania court in *Shaheen* v. *Knight,* supra, which disallowed "the additional expenses of supporting, educating and maintaining said child . . . until the maturity of said child." The court in *Shaheen* stated (p. 45): "The only damages asked are the expenses of rearing and educating the unwanted child. We are of the opinion that to allow damages for the normal birth of a normal child is foreign to the universal public sentiment of the people. . . . To allow damages in a suit such as this would mean that the

physician would have to pay for the fun, joy and affection which the plaintiff . . . will have in the rearing and educating of this . . . child. Many people would be willing to support this child were they given the right of custody and adoption . . . . In our opinion to allow such damages would be against public policy."

The California court in *Custodio* v. *Bauer,* supra, disagreed with the reasoning of *Shaheen* and criticized its holding. It reasoned (p. 324) that the compensation sought "is not for the so-called unwanted child or 'emotional bastard' . . . but to replenish the family exchequer so that the new arrival will not deprive the other members of the family of what was planned as their just share of the family income." In its decision the California court stated (p. 325) that if the plaintiffs were successful on the issue of liability, they would have established a right to more than nominal damages.

In *Coleman* v. *Garrison,* 281 A.2d 616, 618 (Del. Super.), it was held: " 'Where the defendant's tortious conduct has caused harm to the plaintiff or to his property and in so doing has conferred upon the plaintiff a special benefit to the interest which was harmed, the value of the benefit conferred is considered in mitigation of damages, where this is equitable.' " *Coleman,* therefore, held (p. 618) that "a jury may properly consider the cost of support and education as an item of damage in cases of this kind, and in the calculation of the award may subtract the benefits which a child gives his parents." See Restatement, 4 Torts § 920.

The safer course in situations similar to the present case would appear to be to allow the allegations of the complaint to stand and to permit the defendants to argue in mitigation of damages the satisfaction, joy, and companionship which

normal parents receive in the rearing of a child and which make economic loss worthwhile. Although the specific ascertainment of damages in that area is difficult, that should not prevent their consideration by the trier of fact.

For those reasons, the demurrer of the defendants is overruled.